**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHELLE WEINSTEIN,**

    **Plaintiff,**

vs.                                    **CASE NO.: 8:18-cv-102-T-24MAP**

**CRACKER BARREL OLD COUNTRY STORE, INC.,**

    **Defendant.**
_____/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

    **COMES NOW** Plaintiff, MICHELLE WEINSTEIN, by and through her undersigned counsel, and hereby sues the Defendant, CRACKER BARREL OLD COUNTRY STORE, INC., a foreign corporation, and alleges as follows:

**JURISDICTION AND VENUE**

    1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

    2.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

    3.     At all times material herein, Plaintiff, MICHELLE WEINSTEIN, was and is a resident of Hillsborough County, Florida.

    4.     At all times material herein, Defendant, CRACKER BARREL OLD COUNTRY STORE, INC., was and is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within this Judicial District.

    5.     At all times material herein, Defendant, CRACKER BARREL OLD COUNTRY STORE, INC., was and is an employer as defined by the laws under which this action is brought

and employs the required number of employees.

## GENERAL ALLEGATIONS

6. At all times material, Defendant, CRACKER BARREL OLD COUNTRY STORE, INC., acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

7. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

9. Plaintiff requests a jury trial for all issues so triable.

## FACTS

10. Plaintiff began her employment with the Defendant on or around November 2, 2002 as a Retail Manager.

11. In the course of almost 15 years, Plaintiff was awarded Retail Manager of the Year three (3) times.

12. All of Plaintiff's evaluations prior to Doris Jackson-Shazie becoming Plaintiff's supervisor were above average.

13. Plaintiff was also a training store manager for several years and was in the District Manager training program.

14. Approximately two (2) years ago, the Regional Vice-President for the State of Florida, Michelle Scott Ramirez, a white female in her 50's, was terminated and replaced by Serena Johnson, a 40-year-old black female.

15. After Serena Johnson became the Regional Vice President, she replaced two (2) white District Managers for Florida with non-white employees.

16. In approximately February 2016, Plaintiff's immediate supervisor, District Manager, Kathy Swann, a white female in her 50's, was terminated and replaced by Doris Jackson-Shazie, a black female in her 30's.

17. In or around mid-October 2017, employee, Mary Jane Dole, told Plaintiff that another employee, Theresa (last name unknown), a black female in her 30's, told her that Doris Jackson-Shazie said, "We need to replace all the older people in this store. They are all complacent."

18. On or around October 26, 2017, Plaintiff was terminated and replaced by a younger black female.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION

19. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 18, as if set out in full hereafter.

20. Plaintiff is a Caucasian female.

21. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of 42 U.S.C. § 1981, for which Defendant is liable.

22. Defendant knew or, should have known, of the discrimination.

23. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages (including for emotional pain and suffering);

    e. Punitive damages;

  f. Injunctive relief;

  g. Attorney's fees and costs;

  h. Injunctive relief; and

  i. For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, MICHELLE WEINSTEIN, demands a trial by jury and judgment against Defendant, CRACKER BARREL OLD COUNTRY STORE, INC., for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

24. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 18, as if set out in full hereafter.

25. Plaintiff is a member of a protected class under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

26. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her age, in violation of the ADEA, 29 U.S.C. § 621 *et seq.,* for which Defendant is liable.

27. Defendant knew, or should have known, of the discrimination.

28. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Liquidated damages;

  e. Attorney's fees and costs;

  f. Injunctive relief; and

      g.      For any other relief this Court deems just and equitable.

**WHEREFORE,** Plaintiff, MICHELLE WEINSTEIN, demands a trial by jury and judgment against Defendant, CRACKER BARREL OLD COUNTRY STORE, INC., for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

29.    Plaintiff, MICHELLE WEINSTEIN, requests a jury trial on all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of May 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Todd S. Aidman, Esquire and Luis A. Santos, Esquire, FORDHARRISON LLP, Counsel for Defendant, 101 E. Kennedy Boulevard, Suite 900, Tampa, FL 33602.

**FLORIN GRAY BOUZAS OWENS, LLC**

 /s/ *Christopher D. Gray*
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary:    chris@fgbolaw.com
Secondary:  debbie@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
**ROBIN M. OROSZ, ESQUIRE**
Florida Bar No.: 724769
robin@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff